UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE DUELFER,

    Plaintiff,

v.                                            Case No:  6:14-cv-1909-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

This matter is before the Court on Plaintiff's Unopposed Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Doc. 19). On June 25, 2015, the Court entered an order granting Defendant's unopposed motion to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 16). The Clerk entered judgment the next day (Doc. 17).

Plaintiff requests an award of attorney's fees in the amount of $5,154.40 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). Under the EAJA, a party is eligible for an attorney fee award where: (1) the party is the prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party filed a timely application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). Plaintiff asserts that he is the prevailing party in this litigation, that Defendant's position in

---

[1] The parties consented to referral of this case to a United States magistrate judge and on February 24, 2015, the district judge referred the case to the magistrate to conduct all proceedings and order the entry of final judgment (Doc. 13).

the underlying litigation was not substantially justified, and that his net worth at the time this action was filed was less than $2 million (Doc. 19, ¶¶ 3-5 ).

The schedule of hours attached to the petition confirms the attorney's claimed billable hours.   (Doc. 19 at 5).   Counsel seeks payment at the rate of $189.50 based upon the maximum statutory fee of $125, as adjusted upward based upon cost-of-living increases since Congress set the amount in March, 1996 as part of the Contract with America Advancement Act of 1996, Pub.L. 104-121, §§ 231-233.   The Court finds that the hours claimed and the proposed hourly rate for the services provided are both reasonable.

Plaintiff has attached a copy of his assignment of EAJA fees to Osterhout Disability Law, LLC (Doc. 19 at 6).   In light of the assignment, Plaintiff requests that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt (Doc. 19, ¶ 10).   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel (Id.).

Upon due consideration, Plaintiff's motion is **GRANTED** and Plaintiff is awarded attorney fees in the amount of **$5,154.40** made payable to Plaintiff and delivered to Osterhout Disability Law, LLC, if the Government determines that Plaintiff does not owe it a debt.

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record